640

### SEARLE v. GLARUM et al.
### Patent Appeal No. 5632.

Court of Customs and Patent Appeals.
April 6, 1948.

Albert B. Griggs and A. Newton Huff, both of Wilmington, Del., for appellant.

John F. Bergin and T. Wallace Quinn, both of Philadelphia, Pa., for appellees.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

PER CURIAM.

Appellant filed a motion in this court praying that the costs of printing in the record the testimony and certain exhibits of appellees, not included in appellant's praecipe, be taxed against appellees for the alleged reason that such testimony and exhibits are irrelevant to the issues in this case.

In the motion it is stated that appellees did not file a cross appeal; that appellees requested the Commissioner of Patents to include testimony and certain exhibits offered on their behalf as part of the record, and that such testimony, as requested by appellees, is not relevant to the issues on the merits.

Appellees do not attempt to avoid payment of costs that may be properly assessable against them, and acquiesce in the motion of appellant to the extent that the costs of printing the testimony and exhibits of appellees be considered as included in the record as though brought in by a motion for diminution of the record, and that, after consideration of the case on the merits, costs be taxed in accordance with the normal procedure of the court.

The action of the Patent Office, in including in the record testimony and exhibits by reason of a request by appellees, in the absence of a cross appeal, is without authority by statute, rules of the Patent Office, or rules of this court. It is not the province of the Patent Office to determine what matters are to be included in the certified transcript of record. It is the party appealing who is obliged to lay the record before the court. Section 4913, R.S. 35 U.S.C.A. § 61. Should an appellee desire the inclusion of other proper matter in the record, the correct course to be pursued is to petition this court for certiorari to have such matter included.

However, the motion of appellant is denied for the reason that the transcript certified to the court is the same as though that portion of it to which appellant objects had been brought here by certiorari. This action by the court is taken because of the peculiar situation in the case and is not to be understood as a precedent to justify a repetition of the obviously improper course pursued by the Patent Office in responding to the application of appellees.

The parties will make the usual required deposit with the Clerk of Court to cover the printing costs of the matter in dispute, as in granting of a motion for certiorari, and such costs will be taxed against the proper party when the case is decided on its merits.

Motion denied.

By reason of illness, O'CONNELL, Associate Judge, took no part in this action of the court.